IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. BARRINGTON,<br><br>                Petitioner,<br><br>      vs.<br><br>MICHAEL BABCOCK,[1] Warden, Federal<br>Correctional Institute,<br><br>              Respondent. | No. 2:11-cv-00379-JKS<br><br>MEMORANDUM DECISION |

John E. Barrington, a federal prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Barrington is now in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institute, Herlong, California. Respondent has answered, and Barrington has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Barrington was convicted in the Middle District of Florida of various federal crimes, including fraud, money laundering, and tax evasion. In August 2007 Barrington was sentenced to an aggregate prison term of 175 months, to be followed by three years of supervised release. Barrington does not challenge his conviction or sentence in this proceeding.

---

[1] Michael Babcock, Warden, Federal Correctional Institute, Herlong, California is substituted for the Bureau of Prisons. Fed. R. Civ. P. 25(d).

In September 2009 Barrington was issued an incident report charging him with "Offering an Official Anything of Value."[2]  On September 24, 2009, a Disciplinary Hearing Officer ("DHO") found Barrington guilty and disallowed twenty-seven days good time credits, imposed thirty days of disciplinary segregation, and 180 days loss of commissary privileges.  After exhausting his administrative remedies on December 8, 2010,  Barrington timely filed his Petition for relief in this Court on February 7, 2011.

The facts underlying the charge were stated in the Incident Report:

> On Sunday, September 20, 2009, at approximately 7:55 pm, Inmate Barrington Reg # 26320-018 entered the B-1 Officer's Station and offered to teach me how to make millions on real estate investing and tax advice if I would fax federal documents to a federal judge and to the federal court house.  I told Barrington no several times.  He continued becoming more persistent with each attempt until I told him to leave the office.  Operations Lieutenant Carey was notified.  Please see attached memo.[3]

## II.  GROUNDS RAISED/DEFENSES

In his Petition Barrington raises four grounds: (1) denial of due process; (2) conviction based upon falsified evidence; (3) gross injustice/abuse of power; and (4) unequal treatment. Respondent does not assert any affirmative defense.[4]

## III.  STANDARD OF REVIEW

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due to a defendant in such a proceeding do not apply.[5]  In the context of prison

---

[2] 28 C.F.R. § 541.13, Table 3, Code 216 "Giving or offering an official or staff member a bribe, or anything of value" (2009).

[3] Docket 14-1 at 4.  The memo referred to is not included in the record before this Court.

[4] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[5] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

disciplinary proceedings, the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the fact finder of the evidence relied on and the reasons for the disciplinary action taken;[6] and (4) the findings must be supported by some evidence in the record.[7]  Inmates do not, however, have a right of confrontation and cross-examination.[8]

The applicable constitutional standard by which federal habeas courts are bound in reviewing prisoner disciplinary findings is whether "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."[9]  This standard does not require that the court independently assess the credibility of the witnesses or re-weigh the evidence.[10] Because a prison disciplinary proceeding "is not comparable to a criminal conviction, . . . , neither the amount of evidence necessary to support such a conviction, . . . , nor any other standard greater than some evidence applies in this context."[11]

IV.  DISCUSSION

Ground 1:  Due Process; Ground 2:  Falsified Evidence; Ground 3:  Abuse of Power

Barrington's first three grounds for relief may be combined and discussed as a single ground—an attack on the evidentiary basis for the DHO's ruling.

---

[6] *Id.* at 563-66.

[7] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[8] *Wolff*, 418 U.S. at 567.

[9] *Hill*, 472 U.S. at 455-56 (emphasis added).

[10] *Id.* at 455.

[11] *Id.* at 456 (citations omitted).

The DHO finds that you committed the prohibited act of offering a staff member a bride, (Attempt), Code 216a.

The DHO bases this decision on the facts presented in the body of the written report. On September 20, 2009 at approximately 7:55 p.m . You entered the B-1 officers station. You offered to teach officer S. Horter how to make millions on real estate investing and Tax advice if he would fax documents to a federal judge as well as the federal court house. Officer Horter told you no several times but you continued and became more persistent with each attempt until you were told to leave the office.

You admitted the charge to the DHO during the hearing .

Based on your own admission of guilt along wi th the eyewitness account of the reporting Officer, the DHO finds that you committed the prohibited act of offering an official or Staff member a bribe (attempt), Code 216A.[12]

The Hearing Officer summarized Barrington's testimony as follows: "I was wrong for asking that officer to fax those documents. I had a dead line to get the documents out. I shouldn't have compromised that officer's integrity."[13]

Handwritten in the Incident Report, Part II, ¶ 17 "Comments of Inmate to Committee Regarding the Above Incident" was: "I did ask the officer if he would fax the documents. I thought the office was interested in my outside occupation. I did not say this in a context of Bribery. The officer did ask me what I did on the outside."[14] Prior to the hearing, Barrington was interviewed by an investigating officer. The investigating officer's report included the following:

Barrington provided the following statement: I went to the officer's station and asked him to fax the documents. The officer said no, then said what's in it for me. I told him I could teach him to invest in real estate. He then said don't you think

---

[12] Docket No. 14-1 at 10, Part V.

[13] Docket No. 14-1 at 9, ¶ III.B.

[14] Docket 14-1 at 4, ¶ 17. This Court notes that although the identity of the person who wrote the notation does not appear from the record, it is likely that the handwritten note was that of the chairman of the Committee, not Barrington.

it's wrong to ask me fax anything  for you.  I didn't think it was wrong.  I've never seen an officer do that, but an inmate said I should just try to ask the officer.
        Barrington had a fair attitude.

The investigator made the following comments and conclusions:

        Based upon the incident report as written in section 12 of this report and the inmate's own statement admitting that he asked  the Officer to fax the documents and staff's reporting memorandum, I believe the charges contained in this report are true and correct as written.[15]

The DHO summarized Barrington's statement:  "I was wrong for asking that officer to fax those documents.  I had a dead line to get the documents out.  I shouldn't have compromised that officer's integrity."[16]

In denying his administrative appeal, the Administrator, National Inmate Appeals held:

        Our review of your disciplinary proceedings indicate substantial compliance with P.S. 5270.08, *Inmate Discipline and Special Housing Units.*  The DHO's decision was based upon the greater weight of the evidence detailed in Section V of the DHO report.  We find it reasonable for the DHO to have made this determination.  The disciplinary record indicates your due process rights were reviewed with you by the DHO at the time of the hearing.  You stated that you understood your rights and had no documentary evidence to present.  You did not request a staff representative, or witness testimony.   The disciplinary record indicates you were provided the opportunity to make a statement and your statement is documented on the DHO Report.  We do not find any evidence to indicate your rights were violated.
        The DHO's decision was based upon the greater weight of the evidence, detailed in Section V of the DHO report.  We find it reasonable for the DHO to have made this determination based on the written statement of the reporting officer.  The DHO considered all the evidence , including your statement where you admitted that you were wrong for asking the officer to fax the documents and further stated that you should not have compromised the officer's integrity.  We concur with the DHO decision that you committed the prohibited act based on the greater weight of the evidence as accurately and adequately stated in Section V of the DHO Report.[17]

---

[15] Docket 14-1 at 5.

[16] Docket No. 14-1 at 9.

[17] Docket No. 14-1 at 19.

According to Barrington as stated in his first level administrative appeal, at the disciplinary hearing he began to make a statement: "I was wrong for asking to fax those documents.  I had a deadline to get them out . . . ."[18]  At that point, Barrington contends that he was rudely cut-off and denied an opportunity to complete his statement.  According to Barrington, had he been permitted to complete his statement, he would have said.

> I was wrong for asking that officer to fax those documents, I had a deadline to get them out, but, I by no means, attempted to bribe Officer Horta [*sic*] under any circumstances, and I am not guilty of this charge.  Officer Horta [*sic*] asked me my occupation on the outside, and a conversation developed.  He seemed interested in what I did.  I had offered him the names and tiles of three books, that he could read up on the subject.  This is not in the context of a bribe.[19]

Barrington goes on to state that, because he has since learned that inmates have been permitted to fax documents, he retracts his statement that it was wrong to ask the officer to fax those documents.  In support of his second ground (that the evidence was fabricated), Barrington also contends that, contrary to the DHO's summary of his testimony, he did not make the statement that "I shouldn't have compromised that officer's integrity."

Barrington received the procedural rights guaranteed by the Constitution.[20]  This Court neither weighs the evidence nor assesses credibility.[21]  Even if this Court were to accept Barrington's factual allegations, which are unsupported by the record, Barrington would not prevail.  The "some evidence" standard is a lenient one, requiring no more than "a modicum of

---

[18] Docket No. 14-1 at 14.  This Court notes that in his second-level administrative appeal, as well as his Petition before this Court, Barrington omits the second sentence.

[19] Petition, Docket No. 1 at 8.

[20] *Wolff*, 418 U.S. at 565-567.

[21] *Hill*, 472 U.S. at 455.

evidence," and is met if there is any evidence in the record that could support the decision of the disciplinary board.[22] To the extent that Barrington contends that he did not offer anything of value, that argument also must fail. The word "value" includes something of "significance, desirability, or utility" or its use value, i.e., "a value established by the utility of the object instead of its sale or exchange value."[23] It is not limited to money or a monetary equivalent. It simply cannot be said that the giving of advice on how to make money in real estate does not have value. The officer involved was clearly a prison staff member and Barrington offered him something in value. Barrington's avowed lack of intent to bribe notwithstanding, it may be logically inferred from the undisputed evidence that Barrington offered the officer something of value in exchange for the sending of a fax. Viewing the evidence in the light most favorable to Barrington,[24] this Court cannot say that a rational trier of fact could not find that Barrington had not attempted to violate 216A. Even if Barrington was prevented from completing his statement and the challenged evidence is omitted as he alleges, it would not have altered the outcome. There is still sufficient evidence in the record to support the decision of the DHO. Barrington is not entitled to relief under any of his first three grounds.

Count 4:  Unequal Treatment

In his fourth ground, Barrington alleges that in denying him an opportunity to fax the documents to the court when others were accorded that privilege denied him equal treatment. This claim goes to a condition of incarceration, not the fact or duration. As such, the fourth

---

[22] *Id.* at 455-56.

[23] Black's Law Dictionary (9th ed. 2009).

[24] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

claim for relief lies under 42 U.S.C. § 1983, if at all, but not a habeas proceeding under 28 U.S.C. § 2241.[25]  Barrington's claim even fails as a civil rights action under § 1983.  First, Barrington has not alleged that he is a member of a class protected under the Equal Protection Clause or that the right to fax documents to the court is a fundamental right.[26]  Second, Barrington does not fall within the scope of the class-of-one doctrine.[27]  Barrington is not entitled to relief under his fourth ground.

V.  CONCLUSION AND ORDER

Barrington is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **DENIED**.

The Clerk of the Court is to enter judgment accordingly.

Dated:  May 30, 2012.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[25] *See Preiser v. Rodriquez*, 411 U.S. 475, 498-99 (1973).

[26] *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (holding that prisoners are not a protected class).

[27] *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008) (the class-of-one doctrine does not apply to forms of state action that "by their nature involve discretionary decision making based upon a vast array of subjective, individualized assessments.")